## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CYNTHIA PALACIOS, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>ANNIE'S PUBLISHING, LLC,<br><br>          Defendant. | Case No. 2:21-cv-11815-TGB-EAS<br><br>Honorable Terrence G. Berg<br><br>Mag. Judge Elizabeth A. Stafford |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.     Does the six-year limitation period found in M.C.L. § 600.5813 govern Plaintiff's statutory claim for violation of the Video Rental Privacy Act ("VRPA") – a statute that promulgates a cause of action never before recognized at common law and which does not itself specify a limitation period?

**Plaintiff's Answer:  Yes.**

2.     Are the Complaint's allegations that Defendant disclosed Plaintiff's personal reading information in violation of the VRPA sufficient to confer Plaintiff with Article III standing to bring her VRPA claim in federal court, even where the Complaint alleges no actual damages to Plaintiff as a result of Defendant's statutory violations?

**Plaintiff's Answer:  Yes.**

## **CONTROLLING AND MOST IMPORTANT AUTHORITIES**

M.C.L. § 600.5813

*Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530 (6th Cir. 2017)

*Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group, Inc.*, --- F. Supp. 3d ---, 2022 WL 469075 (E.D. Mich. Feb. 15, 2022)

*DiPonio Const., Inc. v. Rosati Masonry Co., Inc.*, 631 N.W.2d 59 (Mich. App. 2001)

*Dep't of Envtl. Quality v. Gomez*, 896 N.W.2d 39 (Mich. App. 2016)

*Citizens of Pretrial Justice v. Goldfarb*, 327 N.W.2d 910 (Mich. 1982)

*Estes v. Idea Eng'g & Fabrications, Inc.*, 649 N.W.2d 84 (Mich. App. 2002)

*Coulter-Owens v. Time Inc.*, 695 F. App'x 117 (6th Cir. 2017)

*Kinder v. Meredith Corp.*, 2014 WL 4209575 (E.D. Mich. Aug. 26, 2014)

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED.................................................................. i

CONTROLLING AND MOST IMPORTANT AUTHORITIES ........................... ii

TABLE OF CONTENTS.......................................................................................... iii

TABLE OF AUTHORITIES ................................................................................... iv

I.  INTRODUCTION .............................................................................................1

II.  FACTUAL ALLEGATIONS............................................................................3

III.  THE VRPA ......................................................................................................5

IV.  PERTINENT LIMITATION PERIODS ..........................................................6

V.  ARGUMENT ....................................................................................................6

       A. Plaintiff's Claim Is Timely .......................................................................7

       B. Plaintiff Has Article III Standing..............................................................21

VI.  CONCLUSION...............................................................................................25

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Bill Rivers Trailers, Inc. v. Thermo King Corp.*, 478 F.2d 1243 (C.C.P.A. 1973) ...................................................................................................................20

*Blaha v. A.H. Robins & Co.*, 708 F.2d 238 (6th Cir. 1983).......................................6

*Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. 2016) .........1, 22

*Bowman v. Greene*, 2013 WL 5925995 (Mich. Ct. App. Nov. 5, 2013)................10

*Citizens for Pretrial Just. v. Goldfarb*, 327 N.W.2d 910 (Mich. 1982) .............9, 15

*Coulter-Owens v. Time Inc.*, 695 F. App'x 117 (6th Cir. 2017).................. 3, 22, 25

*Dabish v. McMahon*, 818 F. App'x 423 (6th Cir. 2020) ................................. 13, 14

*Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286 (3d Cir. 2005)....................21

*Deacon v. Pandora Media, Inc.*, 901 F. Supp. 2d 1166 (N.D. Cal. 2012) .............18

*Dep't of Envtl. Quality v. Gomez*, 896 N.W.2d 39 (Mich. App. 2016)................8, 9

*DiPonio Const. Co. v. Rosati Masonry Co.*, 631 N.W.2d 59 (Mich. App. 2001) ........................................................................................................... passim

*Estes v. Idea Eng'g & Fabrications, Inc.*, 649 N.W.2d 84 (Mich. App. 2002) ..................................................................................................... 10, 15

*Ford Motor Co. v. Michigan Consol. Gas Co.*, 2009 WL 3190418 (E.D. Mich. Sept. 29, 2009) ..................................................................................................11

*Freeman v. Potter*, 2006 WL 2631722 (W.D. Va. Sept. 13, 2006).......................20

*Garg v. Macomb Cty. Cmty. Mental Health Servs.*, 696 N.W.2d 646 (Mich. 2005) ..................................................................................................... 13, 14

*Glowacki v. Motor Wheel Corp.*, 241 N.W.2d 240 (Mich. App. 1976) ...................7

*Green v. Brennan*, 578 U.S. 547 (2016) ................................................................18

*Halaburda v. Bauer Pub. Co.*, 2013 WL 4012827 (E.D. Mich. Aug. 6, 2013) ......23

*Horton v. GameStop, Corp.*, 380 F. Supp. 3d 679 (W.D. Mich. 2018)....................2

*Kanuszewski v. Michigan Dep't of Health and Human Servs.*, 927 F.3d 396 (6th Cir. 2019) .............................................................................................................19

*Kinder v. Meredith Corp.*, 2014 WL 4209575 (E.D. Mich. Aug. 26, 2014) ..................................................................................................... 18, 22, 24

*Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994)..................................................1

*Lujan v. Defenders of Wildlife*, 594 U.S. 555 (1992) ............................................21

*McCree v. Cont'l Mgmt., LLC*, 2021 WL 1050115 (Mich. Ct. App. Mar. 18, 2021) ...................................................................................................................11

*Nat'l Sand, Inc., v. Nagel Const., Inc.*, 451 N.W.2d 618 (Mich. App. 1990) . passim

*Olschefski v. Northville Pub. Sch.*, 2002 WL 1482610 (Mich. Ct. App. July 9, 2002) ..................................................................................................... 10, 15

*Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530 (6th Cir. 2017) ................................................................................................ passim
*Perlin v. Time Inc.*, 237 F. Supp. 3d (E.D. Mich. 2017)................................23
*Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group, Inc.*, --- F. Supp. 3d ---, 2022 WL 469075 (E.D. Mich. Feb. 15, 2022) .............. passim
*Purnell v. Arrow Fin. Servs., LLC*, 2009 WL 1508340 (E.D. Mich. May 29, 2009) ............................................................................................................16
*RCRV Inc. v. J L J Inc.*, 2013 WL 12133691 (C.D. Cal. Jan. 30, 2013) ................20
*Ross v. Bank of Am., N.A.*, 524 F.3d 217 (2d Cir. 2008) ........................................21
*Schenburn v. Lehner Associates, Inc.*, 177 N.W.2d 699 (Mich. App. 1970) ..........19
*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) ..............................................17
*Striker v. Martindale*, 127 N.W.2d 306 (Mich. 1964)..............................................19
*Tang v. I.N.S.*, 223 F.3d 713 (8th Cir. 2000) ............................................................20
*Tel-Twelve Shopping Ctr. v. Sterling Garrett Const. Co.*, 191 N.W.2d 484 (Mich. App. 1971) ...........................................................................................19
*Tillman v. Great Lakes Truck Ctr., Inc.*, 742 N.W.2d 622 (Mich. App. 2007).......15
*Tisbury v. Armstrong*, 486 N.W.2d 51 (Mich. App. 1991).....................................19
*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) ..................................... 17, 23
*United States v. Lopez*, 590 F.3d 1238 (11th Cir. 2009) ........................................20
*Walker v. Ward*, 934 F. Supp. 1286 (N.D. Okla. 1996) ........................................20
*Warth v. Seldin*, 422 U.S. 490 (1975)...................................................................22
*White v. Elec. Data Sys. Corp.*, 974 F.2d 1339 (6th Cir. 1992) .............................14

## Statutes

M.C.L. § 445.1711 .....................................................................................................1
M.C.L. § 600.5805 .....................................................................................................6
M.C.L. § 600.5805(1) ...........................................................................................6, 17
M.C.L. § 600.5805(2) .............................................................................................1, 2
M.C.L. § 600.5813 ............................................................................................ passim
M.C.L. §750.147(b)(1)(A) .......................................................................................15

## Rules

H.B. 490, 98th Leg., Reg. Sess., P.A. No. 92 (Mich. 2016)......................................1
H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989)............................1
H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988) .....................1
H.B. No. 5331, 1988 Mich. Legis. Serv. 378 (West) ...............................................5

Plaintiff Cynthia Palacios, individually and on behalf of all others similarly situated, submits this response in opposition to the Motion to Dismiss (ECF No. 12 (the "Motion" or "Mot.")) the First Amended Class Action Complaint (ECF No. 8 (the "FAC")) filed by Defendant Annie's Publishing, LLC.

## I.    INTRODUCTION

In this putative consumer class action, Plaintiff alleges that Defendant violated Michigan's Video Rental Privacy Act ("VRPA")[1] by disclosing, without her consent, information that identified her as (*inter alia*) a subscriber to Defendant's *Crochet!* magazine. On behalf of herself and others similarly situated, Plaintiff seeks to recover $5,000, as provided by the VRPA, for each of Defendant's statutory violations.

Defendant moves to dismiss the Complaint as untimely under the three-year limitation period set forth in Michigan Compiled Laws ("M.C.L.") § 600.5805(2), or,

---

[1] The VRPA (occasionally referred to in the caselaw as the "Preservation of Personal Privacy Act" or the "PPPA") is found at H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id.* § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989). In May 2016, the Michigan legislature amended the VRPA. *See* S.B. 490, 98th Leg., Reg. Sess., P.A. No. 92 (Mich. 2016) (codified at M.C.L. § 445.1711, *et seq.*). The May 2016 amendment to the VRPA, which became effective on July 31, 2016, does not apply retroactively to claims that accrued prior to its July 31, 2016 effective date. *See Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427, 439–41 (S.D.N.Y. 2016) (holding that "the amendment to the VRPA does not apply to Plaintiffs' claims, and the Court will assess the sufficiency of those claims under the law as it was when Plaintiffs' claims accrued") (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 286 (1994)). Because the claims alleged herein accrued, and thus vested, prior to the July 31, 2016 effective date of the amended version of the VRPA, the pre-amendment version of the VRPA applies in this case. *See Horton v.*

1

alternatively, for lack of Article III standing. The Motion is without merit. Both grounds for dismissal are foreclosed by controlling precedent.

First, as the Honorable Thomas K. Ludington of the Eastern District of Michigan decided just a few weeks ago, "[a] six-year statute of limitations applies to [VRPA] claims." *Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group, Inc.*, --- F. Supp. 3d ---, 2022 WL 469075 (E.D. Mich. Feb. 15, 2022). After carefully considering the same arguments made by Defendant here, and reviewing decades worth of state and federal jurisprudence on this issue, Judge Ludington held, pursuant to controlling Sixth Circuit precedent firmly rooted in decades of well-established Michigan law, that a claim for violation of a Michigan statute that does not itself specify a limitation period is governed by the six-year limitation period found in M.C.L. § 600.5813 (rather than the three-year period found in M.C.L. § 600.5805(2)). *See Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530, 539–40 (6th Cir. 2017) (concluding that "the residual six-year statute of limitations in § 600.5813 applies to statutory causes of action, including those for civil fines"); *see also DiPonio Const. Co. v. Rosati Masonry Co.*, 631 N.W.2d 59, 66 (Mich. App. 2001) ("[W]e conclude that a civil cause of action arising from a statutory violation is subject to the six-year limitation period found in § 5813, if the statute itself does not provide a limitation period."). Thus, as Judge Ludington concluded in *Pratt*, a claim for

---

*GameStop, Corp.*, 380 F. Supp. 3d 679, 683 (W.D. Mich. 2018).

violation of the VRPA—a statute that does not itself specify a limitation period—is governed by the six-year period found in § 600.5813. This Court should adopt the reasoning of Judge Ludington's decision in *Pratt* and reach the same conclusion here.

<u>Second</u>, as also explained by Judge Ludington in *Pratt*, the Sixth Circuit and courts nationwide unanimously agree that a plaintiff who states a claim for relief under the VRPA—as Plaintiff has done here (a point Defendant appears to concede)— necessarily has Article III standing to pursue that claim in federal court. *See Coulter-Owens v. Time Inc.*, 695 F. App'x 117, 121 (6th Cir. 2017) (finding that alleged violation of the VRPA gives rise to Article III standing). Simply put, "a properly alleged PPPA claim confers Article III standing." *Pratt*, 2022 WL 469075, at *8.

Plaintiff timely filed suit, and she has Article III standing to pursue her claim in this Court. The Motion should be denied.

## II.      FACTUAL ALLEGATIONS

Defendant maintains a vast digital database comprised of its customers' information—including their full names, titles of publications subscribed to, and home addresses (collectively "Private Reading Information" or "PRI"), as well as myriad other categories of individualized data and demographic information. FAC ¶ 41.

Defendant discloses its customers' Private Reading Information to data aggregators and appenders, which then supplement that information with additional sensitive private information about each Defendant customer, including his or her

gender. *Id.* Defendant then rents and/or exchanges its mailing lists—which include subscribers' Private Reading Information identifying which individuals purchased subscriptions to particular magazines, and can include the sensitive information obtained from data aggregators and appenders—to other data aggregators and appenders, other consumer-facing businesses, non-profit organizations seeking to raise awareness and solicit donations, and to political organizations soliciting donations, votes, and volunteer efforts. *Id.* ¶ 42 (citing Ex. A to the FAC).

At various times during the pre-July 30, 2016 time period, Defendant disclosed Plaintiff's Private Reading Information, which identified her as a *Crochet!* magazine customer, in at least three ways. *Id.* ¶ 60. First, Defendant disclosed mailing lists containing Plaintiff's Private Reading Information to data aggregators and data appenders, which then supplemented the mailing lists with additional sensitive information from their own databases, before sending the mailing lists back to Defendant. *Id.* ¶ 61. Second, Defendant disclosed mailing lists containing Plaintiff's Private Reading Information to data cooperatives, who in turn gave Defendant access to their own mailing list databases. *Id.* ¶ 62. And third, Defendant rented and/or exchanged its mailing lists containing Plaintiff's Private Reading Information— enhanced with additional information from data aggregators and appenders—to third parties, including other consumer-facing companies, direct-mail advertisers, and organizations soliciting monetary contributions, volunteer work, and votes. *Id.* ¶ 63.

By renting, exchanging, or otherwise disclosing the Private Reading Information of Plaintiff and its other Michigan-resident subscribers during the relevant pre-July 30, 2016 time period, Defendant violated the VRPA. *Id.* ¶ 3. Plaintiff seeks $5,000.00 for herself and each Class member pursuant to VRPA § 5(a) and costs and reasonable attorneys' fees pursuant to VRPA § 5(b). *Id.* ¶ 73.

## III.      THE VRPA

In 1988, Michigan's legislature enacted the VRPA to protect "privacy with respect to the purchase, rental, or borrowing of certain materials," by prohibiting companies from disclosing certain types of sensitive consumer information. H.B. No. 5331, 1988 Mich. Legis. Serv. 378 (West).

Subsection 2 of the VRPA states:

> [A] person, or an employee or agent of the person, engaged in the business of selling at retail, renting, or lending books or other written materials . . . *shall not disclose* to any person, other than the customer, a record or information concerning the purchase . . . of those materials by a customer that indicates the identity of the customer.

VRPA § 2 (emphasis added).

Michigan's passage of the VRPA established as a matter of law "that a person's choice in reading, music, and video entertainment is a private matter, and not a fit subject for consideration by gossipy publications, employers, clubs, or anyone else for that matter." *Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section, H.B. No. 5331, Jan. 20, 1989. *See* FAC, Ex. B.

5

## IV.      PERTINENT LIMITATION PERIODS

"Pursuant to the *Erie* doctrine, state statutes of limitations must be applied by federal courts sitting in diversity." *Blaha v. A.H. Robins & Co.*, 708 F.2d 238, 239 (6th Cir. 1983) (citation omitted).

Defendant asserts that M.C.L. § 600.5805 sets forth the limitation period applicable to Plaintiff's VRPA claims, which states that "[a] person shall not bring or maintain **an action to recover damages for injuries to persons** or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section." M.C.L. § 600.5805(1) (emphasis added). Section 600.5805(2) states: "Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property." M.C.L. § 600.5805(2).

Plaintiff, however, asserts that her claim for violation of the VRPA (a statute that does not itself specify a limitation period) is governed by M.C.L. § 600.5813, not § 5805(2). Section 600.5813 states that "[a]ll other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes." M.C.L. § 600.5813.

## V.      ARGUMENT

Plaintiff filed suit within the applicable limitation period, and her claim is

justiciable in federal court under Article III. The Motion should be denied.

### A. **Plaintiff's Claim Is Timely**

Defendant's primary argument for dismissal—that Plaintiff's claim is barred by the three-year limitation period set forth in M.C.L. § 600.5805(2)—fails as a matter of law because controlling Sixth Circuit precedent, grounded on well-established Michigan law, holds that a claim for violation of a statute that does not itself provide a limitation period—such as the VRPA—is governed by the six-year limitation period set forth in M.C.L. § 600.5813. And in the FAC, Plaintiff specifically alleges facts showing that her claim accrued within the applicable six-year limitation period.

In *Palmer Park Square, LLC v. Scottsdale Ins. Co.*, the U.S. Court of Appeals for the Sixth Circuit recently held that claims arising from a statutory violation are subject to the six-year limitation period found in § 600.5813, so long as the statute serving as the basis for the violation does not itself contain a limitation period. *Palmer Park*, 878 F.3d at 539–40 (concluding that the six-year limitations period provided by § 600.5813 applied to a claim for statutory penalty interest under § 500.2836(2)).[2]

In *Pratt*, Judge Ludington recognized the significance of the Sixth Circuit's decision in *Palmer Park*, and correctly found that it controls on the question of

---

[2]      "When Michigan precedent does not expressly address which statute of limitations applies to a statutory cause of action, as in this case, Michigan courts look to '[f]ederal court authority.'" *Pratt*, 2022 WL 469075, at *6 (quoting *Glowacki v. Motor Wheel Corp.*, 241 N.W.2d 240, 245–46 (Mich. App. 1976)).

whether a VRPA claim is governed by the six-year limitations period found in §

600.5813 or the three-year limitation period found in M.C.L. § 600.5805(2). As Judge

Ludington explained, "[t]he long and the short of the legal analysis is that (1)

Michigan law governs this question, (2) no controlling Michigan authority is directly

on point, (3) Michigan courts look to federal law in the absence of controlling

Michigan law, (4) the Sixth Circuit has released a published opinion interpreting

Michigan law to resolve this issue, and (5) published Sixth Circuit precedent is

controlling authority for this Court." *Pratt*, --- F. Supp. 3d ---, 2022 WL 469075, at *5

(citing *Palmer Park*, 878 F.3d at 539–40). Thus, applying the holding of *Palmer Park*

(and addressing the numerous decisions to which *Palmer Park* cites), Judge Ludington

correctly and unequivocally held that "[a] six-year statute of limitations applies to

PPPA claims." *Id.*; *see also id.* at *7 ("The Sixth Circuit carefully analyzed Michigan

precedent to hold that a six-year statute of limitations applies to statutory causes of

action, like the PPPA. That published Sixth Circuit precedent controls this Court.")

(collecting cases). This Court must now reach the same conclusion.

As the court recognized in *Pratt*, the Sixth Circuit's reasoning in *Palmer Park*

relies on, and is firmly supported by, the decisions of the Michigan Court of Appeals

in *DiPonio* and *Dep't of Envtl. Quality v. Gomez*, 896 N.W.2d 39 (Mich. App. 2016).

In *DiPonio*, the Michigan Court of Appeals explicitly held "that a civil cause of action

arising from a statutory violation is subject to the six-year limitation period found in §

8

5813, if the statute itself does not provide a limitation period." 631 N.W.2d at 66; *see also Palmer Park*, 878 F.3d at 540 (noting that the court in *DiPonio* "contrasted actions for statutory violations with actions to redress injuries resulting from traditional torts, noting that the limitations periods set out in § 600.5805 apply to the latter"). The Michigan Court of Appeals' decision in *Gomez* likewise applied § 600.5813's catch-all, six-year limitation period to a statutory cause of action. *Gomez*, 896 N.W.2d at 50 (citing *DiPonio*, 631 N.W.2d at 66).

The decisions in *Pratt*, *Palmer Park*, *DiPonio*, and *Gomez* are each firmly supported by the reasoning of the Michigan Supreme Court in *Citizens for Pretrial Just. v. Goldfarb*, 327 N.W.2d 910 (Mich. 1982), an opinion unequivocally holding that the three-year limitation period found in § 600.5805(2) "applies to traditional, primarily common-law torts," and that "the residual six-year statute of limitations governing all other personal actions" applies to any claim that "is not a traditional tort." *Id.* at 915.[3]

The overwhelming majority of Michigan's state and federal courts are in accord, and correctly hold, consistent with *Goldfarb*, *DiPonio*, *Gomez*, and *Palmer Park*, that statutory claims (for which no limitation period is specified in the statute itself) are subject to the six-year period found in § 600.5813 and that only common-law tort claims are subject to the three-year period found in § 600.5805(2). *See Nat'l*

---

[3]   At the time *Goldfarb* was decided, M.C.L. § 600.5805(2) was codified at §

*Sand, Inc., v. Nagel Const., Inc*., 451 N.W.2d 618, 622 n.7 (Mich. App. 1990) (surveying Michigan authority on the applicability of § 600.5813 and noting that "the common theme shared by" the pertinent cases is that the six-year limitation period found in § 5813 applies where "the right to recovery arose from a statute"); *Estes v. Idea Eng'g & Fabrications, Inc.*, 649 N.W.2d 84, 93 (Mich. App. 2002) (holding that "the catch-all six-year period of limitation set forth in M.C.L. § 600.5813 applies" to a § 489 claim "because § 489 creates a separate cause of action and does not contain its own statute of limitations," and explaining that, even though a § 489 "statutory cause of action is . . . similar to the common law shareholder equitable action for dissolution," it "is independent of that traditionally limited and uncertain cause of action" and thus not subject to the three-year limitation period found in § 600.5805(2)); *Olschefski v. Northville Pub. Sch*., 2002 WL 1482610, at *3 (Mich. Ct. App. July 9, 2002) (finding that, in light of the decisions in *Goldfarb*, *Nat'l Sand*, *DiPonio*, and *Estes*, "the six-year statute of limitations under M.C.L. § 600.5813 applies" to plaintiffs' claims, which allege "violations of the Revised School Code, rather than traditional common-law torts," and concluding that "the trial court erred in applying the three-year statute of limitations"); *Bowman v. Greene*, 2013 WL 5925995, at *6 (Mich. Ct. App. Nov. 5, 2013) (citing to *DiPonio*, and concluding that a claim for violation of the Seller's Disclosure Act is governed by § 600.5813's six-

---

5805(7). It has since been moved to § 5805(2), but otherwise remains the same.

year limitation period); *Ford Motor Co. v. Michigan Consol. Gas Co.*, 2009 WL 3190418, at *16 (E.D. Mich. Sept. 29, 2009) ("This is the exact situation at issue here: a statutory cause of action that does not include a statute of limitations. The court will therefore apply the limitations period found in § 5813."). Thus, because Plaintiff alleges a claim for violation of the VRPA, a statute that does not itself specify a limitation period, Plaintiff's claim is governed by the six-year limitation period found in § 5813.

Even the decisions Defendant cites recognize the critical distinction between common-law claims and statutory claims for purposes of determining the applicable limitation period. *See, e.g.*, *McCree v. Cont'l Mgmt., LLC*, 2021 WL 1050115, at *7 (Mich. Ct. App. Mar. 18, 2021) (noting that § 600.5805(2) only applies to a plaintiff's claims for a defendant's breaches of "common-law duties"); Mot. at 8, PageID.1095 (collecting decisions in which courts correctly found the three-year limitation period found in § 600.5805(2) applicable to common-law tort claims).

Defendant nonetheless argues that, where a statutory claim "sounds in the traditional tort of invasion of privacy" (Mot. at 10, PageID.1097), it is subject to the three-year limitation period found in § 600.5805(2), and cites to the decisions in, among other cases, *Palmer Park*, *Nat'l Sand*, and *DiPonio*. (*See* Mot. at 14-18, PageID.1101-1105). The argument is without merit. *Palmer Park*, *Nat'l Sand*, and *DiPonio* each clearly holds that the six-year limitation period found in § 600.5813

11

applies, without exception, to any claim for violation of a statute that does not itself specify a limitation period, and that only non-statutory claims for injury to persons or property that have been traditionally recognized at common law are subject to the three-year period found in § 600.5805(2). *See Palmer Park*, 878 F.3d 530 at 539–40 (holding that § 600.5813's "catch-all" six-year statute of limitations applies to statutory penalty interest claim which does not otherwise provide a statute of limitations rejected argument that three-year statute under § 600.5805(2)); *Nat'l Sand*, 451 N.W.2d at 623 ("[I]f plaintiff pled malpractice or some other traditional, common-law tort, then we must apply § 5805. Otherwise, § 5813 would be appropriate."); *DiPonio*, 631 N.W.2d at 66 (holding that "that a civil cause of action arising from a statutory violation is subject to the six-year limitation period found in § 5813, if the statute itself does not provide a limitation period"); *see also, e.g.*, *id.* (where the "plaintiff's civil cause of action for violation of the builders' trust fund act arises from a statutory violation," the "six-year limitation period found in § 5813 governs that cause of action").

Predictably, Defendant also argues that Judge Ludington's well-reasoned opinion in *Pratt* is incorrect because it "misread dicta" in *Palmer Park*. (*See* Mot. at 18-19, PageID.1105-1106). Indeed, Defendant goes so far as to say *Pratt* "could not possibly be correct" because the Michigan Supreme Court and the Sixth Circuit applied the three-year statute of limitations in Section 5805 to statutory actions in

12

other contexts. (*Id.* at PageID.1106). But as explained *infra* at footnote 4, those cases involved statutes which subsumed and preempted long-standing common law claims. *See, e.g.*, *Garg v. Macomb Cty. Cmty. Mental Health Servs.*, 696 N.W.2d 646, 659 (Mich. 2005) (statute codifying common law employment discrimination); *Dabish v. McMahon*, 818 F. App'x 423 (6th Cir. 2020) (statute codifying common battery and assault while criminalizing when motivated by ethnic bias). Notably, the defendant in *Pratt* made the same arguments that Defendant makes here in favor of the three-year limitation period, and in fact cited to the same legal authorities. *See Pratt* motion to dismiss, 1:21-cv-11404 PageID.590-591 (making same arguments and citing to *Garg* and other cases). With the benefit of full adversarial briefing, Judge Ludington found no merit in these arguments and denied the defendant's motion to dismiss.

In other words, the question of whether to apply the three-year period found in § 600.5805(2) or the six-year period found in § 600.5813 only arises where the claim at issue—unlike the VRPA claim here—is a common-law claim, not a statutory claim. *See, e.g.*, *Nat'l Sand*, 451 N.W.2d at 653 (in considering whether three-year period provided by § 600.5805(2) or six-year period provided by § 600.5813 applies to a non-statutory malpractice claim, "we must determine whether the common law recognized a malpractice claim against engineers"). And where, as here, the claim is for violation of a statute that does not provide its own limitation period, controlling Sixth Circuit precedent (grounded in well-established Michigan law) requires

13

application of the six-year limitation period found in M.C.L. § 600.5813. *See Palmer*

*Park*, 878 F.3d at 539–40; *Goldfarb*, 327 N.W.2d at 915; *DiPonio*, 631 N.W.2d at 65–

66; *Gomez*, 896 N.W.2d at 50–51. The analysis ends there.

But even if statutory claims could conceivably be subject to the three-year

limitation period found in § 600.5805(2) (and that is not so), none of the decisions

cited in the Motion (nor any other decision of which Plaintiff is aware) hold that §

600.5805(2) applies to a claim that "sounds" in a "traditional common-law tort" (Mot.

at 10, PageID.1097)—rather, even under Defendant's erroneous interpretation of the

relevant authorities in the Motion, the cause of action at issue must *actually be* a claim

traditionally recognized at common law (not merely "resemble" or be an "analogue"

to a claim at common law).[4] *See, e.g., Goldfarb*, 327 N.W.2d at 915 (finding § 5805

---

[4]     Defendant cites a string of inapposite decisions, such as those concerning
claims for violation of Michigan employment statutes (*e.g., Garg, Magee,* and *Major*),
that it says further support the ill-founded idea that the three-year period set forth in §
600.5805(2) applies to any statutory claim that "sound" in a tort traditionally
recognized at common law. *See* Mot. at 15–17, PageID.1102–1104. However, as the
Sixth Circuit has recognized, the enactment of the statutory causes of action at issue in
*Garg, Magee,* and *Major* preempted a body of common law that had traditionally
given rise to the same claims. *See White v. Elec. Data Sys. Corp.*, 974 F.2d 1339 (6th
Cir. 1992) (applying a three-year statute of limitations to statutory employment
discrimination claim noting that the Elliot-Larsen Civil Rights Act of 1977 subsumed
Michigan's common law claim for employment discrimination). Thus, the statute at
issue in *Garg* and *Magee* directly mirrored a claim traditionally recognized at
common law (and in fact codified that common-law claim). Likewise, in *Marks*,
which the Motion also cites in support of applying the three-year limitation period
(Mot. at 16, PageID.1103), the nuisance statute at issue there directly mirrored, and
had thus codified, Michigan's common law nuisance claim. Similarly, the ethnic
intimidation statute at issue in *Dabish v. McMahon*, 818 Fed. Appx. 423 (6th Cir.

14

applicable only to "traditional, primarily common-law, torts," and concluding that

because the injury underlying the plaintiff's non-statutory claim was not the result of a

traditional tort, it must fall under the residual six-year period of limitation contained in

§ 5813). Indeed, state and federal courts in Michigan have already thoroughly

considered and soundly rejected the same "common law analogue" argument

Defendant makes here. For example, in *Estes*, the court held that "the catch-all six-

year period of limitation set forth in M.C.L. § 600.5813 applie[d]" to a statutory claim

notwithstanding its similarity to a traditionally recognized common-law claim. *Estes*,

649 N.W.2d at 93. As another example, in *Olschefski*, the Michigan Court of Appeals

concluded that "the trial court erred in applying the three-year statute of limitations"

because "plaintiff's claims in the [] case ar[o]se from alleged violations of [a statute],

rather than traditional common-law torts." *Olschefski*, 2002 WL 1482610, at *3. And

---

2020) (Mot. at 16, PageID.1103) provides a civil cause of action for victims of battery and assault (traditional common law torts) while simultaneously criminalizing these tortious acts when motivated by bias. *See* M.C.L. §750.147(b)(1)(A). Here, by contrast, no common-law tort claim has ever existed in Michigan that mirrors the VRPA, and indeed the VRPA is not a codification of any claim that has ever been recognized at common law.

Defendant relies on other outlier cases where courts have applied a three-year limitations period to a statutory claim. Rather than distill any meaningful rule, these decisions only reflect that there was earlier confusion in this area law. *See e.g.*, *Tillman v. Great Lakes Truck Ctr., Inc.*, 742 N.W.2d 622, 623 (Mich. App. 2007) (recognizing that Michigan courts have not consistently resolved whether a three or six-year limitations period applies). However, in light of *Palmer Park*, *Goldfarb*, *DiPonio*, and *Gomez*, among numerous other decisions, it is clear beyond dispute that VRPA claims are subject to a six-year statute of limitations.

in this case, it is beyond dispute that "the common law" has never "recognized" a claim for the nonconsensual disclosure of records concerning a person's purchases of written material, sounds recordings, or video recordings at retail—the conduct that gives rise to a VRPA claim—which is exactly why the Michigan legislature enacted the statute when it became determined to prevent such disclosures from occurring. *See* FAC, Ex. B (describing the need to enact the VRPA to provide privacy rights that are not secured at common law); *Nat'l Sand*, 451 N.W.2d at 623–24.[5]

As another court recently explained, "[t]he mere fact that Plaintiff's allegations may be, in some manner, shoe-horned into a common-law tort cannot control in light of clear direction that where 'plaintiff's civil cause of action [is] for . . . a statutory violation, [the court should apply] the six-year limitation period found in § 5813." *Purnell v. Arrow Fin. Servs., LLC*, 2009 WL 1508340, at *2 (E.D. Mich. May 29, 2009) (citing *DiPonio*, 631 N.W.2d at 66) (alterations in original). No matter how you slice it, § 600.5805(2)'s three-year limitation period cannot possibly apply to Plaintiff's VRPA claim. *See Purnell*, 2009 WL 1508340, at *2 (finding, "as a matter of law, that § 5813 defines the proper statute of limitations for Plaintiff's state

---

[5]   Defendant's assertion to the contrary in the Motion—that the VRPA codified a claim for a violation of a traditional, common law privacy right (*e.g.*, Mot. at 12, PageID.1099)—is simply not true; the right of Michigan's citizens to be free from nonconsensual disclosures of their Private Reading Information to third parties, as conferred by the VRPA, has never been recognized at common law and is thus in no sense a "traditional, common law privacy right."

16

[statutory] law claim[] to be six years").[6]

Finally, even if the three-year limitation period provided by § 600.5805(2) were somehow capable of applying to a statutory claim that has never been recognized as a tort at common law – and that is not so, for all the reasons outlined above – the three-year limitation period found in § 600.5805(2) would still not apply here because this is not "an action to recover damages for injuries to persons or property," M.C.L. § 600.5805(1) – which is the only type of action § 600.5805(2) is capable of governing. Indeed, Plaintiff's VRPA claim does not arise from any "personal injury" or seek to recover any actual "damages" for any such "injuries" (and in fact neither personal injury nor actual damages are elements of a VRPA claim). Instead, Plaintiff's claim

---

[6] Defendant's attempts to replace the "traditional, common-law tort" standard for applying the three-year limitation period set forth in § 600.5805(2) (as articulated in the cases cited in the Motion) with its preferred, self-serving standard (requiring merely that "a claim sounds in [a] traditional" common law "tort" (Mot. at 10, PageID.1097)) appear intentionally aimed at conflating the statute of limitations issue with the Article III standing issue in an effort to muddy the waters. Indeed, well-established Supreme Court precedent instructs courts, in determining the existence of an Article III injury-in-fact, to consider whether the alleged injury has a "close relationship to" a harm recognized at common law or, in other words, whether the statutory claim has a "common-law analogue." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2197 (2021). But this analysis is totally irrelevant to the statute of limitations issue under Michigan law because, as previously discussed, a claim that merely "sounds" in a common-law claim is not the same thing as a claim that *is* a common-law claim. Thus, even where a plaintiff is found to have Article III standing to pursue a statutory violation based on the statute's close resemblance to a claim at common law, that statutory claim is nonetheless subject to the six-year limitation period set forth in § 600.5813, as discussed further in the following section of this brief (*see*, *infra*, Section B).

arises from Defendant's violations of her statutorily-conferred right to be free from unauthorized disclosures of her PRI, and seeks to recover the statutorily authorized sum of $5,000 for each of Defendant's statutory violations (in lieu of any "actual damages" resulting therefrom, as the statute alternatively provides).

Thus, as the plain statutory language makes clear, Plaintiff's VRPA claim accrued—and the applicable limitation period commenced—when Defendant disclosed Plaintiff's PRI to another person in violation of the statute, period (*see* VRPA § 2)—not from any injuries Plaintiff suffered as a result of those statutory violations. *See Deacon v. Pandora Media, Inc.*, 901 F. Supp. 2d 1166 (N.D. Cal. 2012) ("As an initial matter, the VRPA does not explicitly impose an actual injury requirement. Rather, the statute's civil remedy provision allows for recovery based on a showing of actual damages or statutory damages."); *Kinder v. Meredith Corp.*, 2014 WL 4209575, at *3–4 (E.D. Mich. Aug. 26, 2014) (finding that the plaintiff "properly allege[d] a violation of the VRPA" based solely on allegations that the defendant "violated her rights pursuant to the VRPA by improperly disclosing and selling her personal information," and explaining that "[t]he VRPA grants standing to plaintiffs who suffer a statutory violation and does not require actual damages"); *Green v. Brennan*, 578 U.S. 547, 554 (2016) (noting that a "limitations period commences when the plaintiff has a complete and present cause of action").

Accordingly, because this action does not arise from personal injury or seek

actual damages resulting from any such injury, the three-year limitation period found in § 600.5805(1)-(2) cannot apply to Plaintiff's claim under even Defendant's strained interpretation of its cited authorities. *See, e.g.*, *Schenburn v. Lehner Associates, Inc.*, 177 N.W.2d 699, 702 (Mich. App. 1970) (applying six-year catch-all limitations period where plaintiff's claim was not based on actual damage to his property or physical injury to his person, but rather based on damages for injury to his financial expectations); *Tel-Twelve Shopping Ctr. v. Sterling Garrett Const. Co.*, 191 N.W.2d 484, 486 (Mich. App. 1971).[7]

Plaintiff's claim is timely pursuant to § 600.5813. The FAC alleges VRPA violations based on Defendant's nonconsensual disclosures of Plaintiff's and the putative class's PRI between August 7, 2015 and July 30, 2016.[8] (*See, e.g.*, Compl. ¶¶

---

[7]    In the unlikely event the Court finds the six-year versus three-year statute of limitations question a "close call," the Court should err on the side of caution and apply the longer period. The Michigan Supreme Court has instructed that "[i]n determining whether the statute has run on plaintiff's cause of action he is entitled to the benefit of the allegations of a cause of action, if any, against which the statute has not run." *Striker v. Martindale*, 127 N.W.2d 306, 307 (Mich. 1964). And there is a clear preference under both Michigan and federal law to resolve disputes on their merits. *See, e.g.*, *Tisbury v. Armstrong*, 486 N.W.2d 51, 52 (Mich. App. 1991) ("Given the policy of this state favoring the meritorious determination of issues . . . we do not believe that the drastic remedy of summary disposition is appropriate in this case."); *Kanuszewski v. Michigan Dep't of Health and Human Servs.*, 927 F.3d 396, 406 n.4 (6th Cir. 2019) ("[T]he Federal Rules of Civil Procedure evidence a clear preference to resolve disputes on their merits.") (quotations omitted). Dismissing this case on what is—at best—a dubious statute of limitations defense is not consistent with those directives.

[8]    Six years is 2,190 days. Six years from August 7, 2015, is August 5, 2021. *See Pratt*, 2022 WL 469075, at *7 n.6 (computing the same way).

3, 60–63.) Thus, Plaintiff's VRPA claim accrued, at the earliest, within six years of the filing of this action on August 5, 2021, and the Motion should be denied.[9]

---

[9]     Grasping at straws, Defendant argues that statements made by Plaintiff's counsel concerning the statute of limitations in prior VRPA cases on behalf of other clients, in completely different circumstances, somehow prove that the limitations period for a VRPA claim is three years. The argument is entirely without merit, as well as improper. As Defendant's counsel is surely aware, an attorney's arguments on a client's behalf are never evidence, *see United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009) ("[S]tatements and arguments of counsel are not evidence."); *Tang v. I.N.S.*, 223 F.3d 713, 720 (8th Cir. 2000), and obviously cannot be imputed against another client of the same attorney in a different proceeding, even where the arguments made on behalf of one client are inconsistent with those made on behalf of another client. *See, e.g.*, *Walker v. Ward*, 934 F. Supp. 1286, 1290–91 (N.D. Okla. 1996) ("The Court declines to construe arguments of counsel in an unrelated case to be an admission by the State . . . [T]he arguments of counsel in *Maynard* are irrelevant to the present inquiry."); *Bill Rivers Trailers, Inc. v. Thermo King Corp.*, 478 F.2d 1243, 1246 (C.C.P.A. 1973) ("[A]ppellee's attorney has sought to bring to our attention that appellant's attorney has made arguments in another forum on another case inconsistent with those made here. Assuming this to be true, we wish to point out that this is totally irrelevant to this case and played no part in our decision."); *Freeman v. Potter*, 2006 WL 2631722, at *3 n.2 (W.D. Va. Sept. 13, 2006) ("Counsel can pursue any reasonable legal basis for relief, and merely the fact that in a previous, unrelated case counsel's pursuit of relief on that basis was unsuccessful does not render subsequent attempts to obtain relief on the same basis, under different circumstances, wasteful."); *RCRV Inc. v. J L J Inc.*, 2013 WL 12133691, at *12 (C.D. Cal. Jan. 30, 2013) ("[C]iting opposing counsel's arguments in an unrelated case is not particularly persuasive."). The Court should reject Defendant's attempt to weaponize counsel's arguments on behalf of their clients in other matters against their client in this totally unrelated matter.

        But to briefly respond to the aspersion, undersigned counsel notes that the limitation period governing a VRPA claim was not a material issue in any of the prior matters cited in the Motion because the claims in those cases were timely under even a three-year limitation period. It was not until after each of those earlier matters had concluded that undersigned counsel was retained by additional clients (including the Plaintiff in this case), learned of and reviewed the Sixth Circuit's decision in *Palmer Park*, and proceeded to dig deeper into the issue, ultimately realizing that VRPA claims are actually governed by the six-year limitation period found in § 600.5813

### B. **Plaintiff Has Article III Standing**

Presumably recognizing the uphill battle it faces on the statute of limitations front, Defendant also argues that Plaintiff lacks Article III standing to bring her VRPA claim in federal court. But this argument is also foreclosed by controlling precedent. It is well established in the Sixth Circuit (and nationwide) that a statutory violation of the VRPA, in and of itself, works concrete, particularized harm capable of satisfying the injury-in-fact prong of Article III.

To establish Article III standing, a plaintiff must allege an "irreducible constitutional minimum of an injury-in-fact." *Lujan v. Defenders of Wildlife*, 594 U.S. 555, 560 (1992). "Injury in fact is a low threshold." *See Ross v. Bank of Am., N.A.*, 524 F.3d 217, 222 (2d Cir. 2008). It "is not Mount Everest." *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 294 (3d Cir. 2005) (Alito, J.). The Supreme Court has held that "[t]he injury required by Article III can exist solely by virtue of statutes

---

(not the three-year period found in § 600.5805(2) that the plaintiffs' bar had uniformly misapplied in VRPA cases for the better part of the preceding decade). Moreover, the Sixth Circuit's decision in *Palmer Park* post-dates the briefing and decisions in the *Edwards* and *Boelter* actions referenced in the Motion.

Thus, in *Pratt*, Judge Ludington found no significance in the fact that a three-year limitation period was applied in prior VRPA matters in which Plaintiff's counsel was involved. As he explained, "those opinions assumed that the three-year statute of limitations applied because the parties in those cases did not contest the issue. Indeed, at that time, unlike now, there was no shorter statute of limitations that a defendant might have raised as an affirmative defense." *Pratt*, 2022 WL 469075, at *6 (citations omitted). Moreover, "those courts' opinions, like the Opinion of this Court, are not dispositive on issues of Michigan law," and they "are from neither the Supreme Court not a circuit court of appeals." *Id.* (citations omitted). "As such, they do not 'warrant'

creating legal rights, the invasion of which creates standing." *Warth v. Seldin*, 422 U.S. 490, 500 (1975).

Article III's standing requirement is readily satisfied here. Pursuant to Sixth Circuit precedent, a plaintiff alleging a claim for violation of the VRPA has Article III standing to pursue that claim in federal court because a violation of the VRPA necessarily results in the nonconsensual dissemination of information reflecting a plaintiff's personal reading choices—acutely invading his or her statutorily protected right to privacy in such matters and thus inflicting harm in a concrete and particularized (albeit an intangible) way, easily satisfying the injury-in-fact requirement. *See Coulter-Owens*, 695 F. App'x at 121 ("In short, given that the VRPA contains an express private right to sue, it confers statutory standing on a person whose information was disclosed in violation of it. Moreover, the disclosure of that information is a cognizable injury in fact for purposes of Article III standing."). Thus, every federal district court to have considered the question has concluded that a plaintiff who adequately alleges a violation of the VRPA necessarily has Article III standing. *See Kinder*, 2014 WL 4209575, at *4 (finding Article III standing existed where plaintiff alleged bare statutory violation of the VRPA, explaining that "[t]he VRPA grants standing to plaintiffs who suffer a statutory violation and does not require actual damages"); *Boelter*, 269 F. Supp. 3d 172, 185 (S.D.N.Y. 2017)

---

anything in this Court." *Id.* (citation omitted).

("[E]very court to consider the issue of standing under the [PP]PA has concluded that such a violation constitutes a concrete injury in and of itself."); *Halaburda v. Bauer Pub. Co.*, 2013 WL 4012827, at *3–5 (E.D. Mich. Aug. 6, 2013) (disclosure of person's information in violation of the VRPA is a cognizable injury-in-fact and confers Article III standing); *Perlin v. Time Inc.*, 237 F. Supp. 3d at 627–28 (E.D. Mich. 2017) (same).

The Supreme Court's recent decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) does not compel a different conclusion. In *TransUnion*, the Supreme Court considered whether two groups of class members asserting claims under the Fair Credit Reporting Act suffered a concrete injury in fact under Article III. *Id.* at 2208–13. The first group of class members had a misleading credit report disseminated to a third party. *Id.* at 2208–09. The second group merely had a misleading remark on their credit files, but those files were not disseminated to a third party. *Id.* at 2209. The Supreme Court held that the first group—those who had a misleading credit report disseminated to a third party—had suffered a concrete injury in fact under Article III. *Id.* ("In short, the 1,853 class members whose reports were disseminated to third parties suffered a concrete injury in fact under Article III."). Here, likewise, Plaintiff alleges that her Private Reading Information was disclosed to third parties without her consent. *See* Compl. ¶¶ 1–2, 9. Thus, *TransUnion* further confirms Plaintiff's Article III standing.

As previously mentioned (*see supra*, Section A, at 17 n.6), Defendant intentionally conflates a personal injury giving rise to an action for "damages"—which, in certain cases (not this one), triggers the limitation period provided in § 600.5805(1)–(2)—with the "injury-in-fact" required for Plaintiff's dispute to be justiciable in federal court under Article III. But a harm sufficient to satisfy Article III's injury-in-fact requirement is not synonymous with the "injury to a person" necessary to trigger the limitation period set forth in § 600.5805(2). So while Plaintiff's VRPA claim does not arise from a personal injury or any actual damages, as explained above, there can be no dispute that Defendant's violation of the VRPA necessarily violated Plaintiff's statutorily conferred right to privacy in her reading habits—an intangible harm that presents ample constitutional mooring for Article III purposes. *See Kinder*, 2014 WL 4209575, at *2 (rejecting defendant's argument that "a statutory violation of VRPA, without actual damages, is insufficient to confer standing," noting that "every single court to consider this interpretation has rejected [defendant's] argument"). Simply put: Plaintiff is plainly capable of having Article III standing to bring her VRPA claim and invoking the six-year limitation period applicable to such a claim.

Indeed, just a few weeks ago in *Pratt*, Judge Ludington recognized that the defendant was attempting to "conflate a personal injury giving rise to an action for 'damages' with the 'injury in fact' required for [the] [p]laintiffs' dispute to be

24

justiciable in federal court," and flatly rejected the argument as a "straw man." *See Pratt*, 2022 WL 469075, at \*8–9. As the court explained in *Pratt*, "600.5813 has no effect on Article III standing or jurisdiction," and "a statutory cause of action does not lack Article III standing simply because [M.C.L] 600.5813 applies to it." *Id.* at \*8. Moreover, citing to *Coulter-Owens* and the other legion of authority cited above in this brief, the court held that "it is well established that a properly alleged PPPA claim confers Article III standing." *Id.* Finally, the court found that "Defendant's reliance on *TransUnion*[] is misplaced," and explained that *TransUnion* in fact only "reinforces" that a VRPA plaintiff has Article III standing. *Id.* at \*9.

Plaintiff has Article III standing, and the Motion should be denied.

## VI.   CONCLUSION

For the foregoing reasons, the Motion should be denied in its entirety.

Dated: March 24, 2022                    Respectfully submitted,

                                         */s/ E. Powell Miller*
                                         E. Powell Miller (P39487)
                                         Sharon S. Almonrode (P33938)
                                         THE MILLER LAW FIRM, P.C.
                                         950 W. University Drive, Suite 300
                                         Rochester, MI 48307
                                         Tel: 248-841-2200
                                         epm@millerlawpc.com
                                         ssa@millerlawpc.com

                                         Joseph I. Marchese
                                         Philip L. Fraietta (P85228)
                                         BURSOR & FISHER, P.A.
                                         888 Seventh Avenue
                                         New York, New York 10019
                                         Tel: 646.837.7150

Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

26

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2022, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com