# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

CYNTHIA PALACIOS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ANNIE'S PUBLISHING, LLC,

    Defendant.

Case No. 2:21-cv-11815-TGB-EAS

Honorable Terrence G. Berg

## DEFENDANT ANNIE'S PUBLISHING, LLC'S REPLY

## IN SUPPORT OF ITS MOTION TO DISMISS

Stephanie Sheridan
Meegan Brooks
STEPTOE & JOHNSON LLP
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
Tel: (415) 365-6700
Fax: (415) 365-6699
ssheridan@steptoe.com
mbrooks@steptoe.com

*Attorneys for Defendant Annie's Publishing, LLC*

# **TABLE OF CONTENTS**

Page

I. Introduction...........................................................................................................1

II. Plaintiff's Action Is Time-Barred Under Section 5805....................................1

    A. Plaintiff Has Alleged a Personal Injury Cause of Action ......................1

    B. The No-Injury Cases Cited by Plaintiff Do Not Support Her Claim......4

III. If Plaintiff's Injury Is Purely Statutory, She Lacks Article III Standing.........6

IV. Conclusion ...........................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Assn. of Am. Physicians & Surgeons v. U.S. Food and Drug Admin.*,
  13 F.4th 531 (6th Cir. 2021) ...................................................................................7

*Bowman v. Greene*,
  2013 WL 5925995 (Mich. Ct. App. Nov. 5, 2013) .................................................4

*Citizens for Pretrial Just. v. Goldfarb*,
  415 Mich. 255 (1982) .............................................................................................4

*Comau LLC v. Blue Cross Blue Shield of Michigan*,
  2020 WL 7024683 (E.D. Mich. Nov. 30, 2020) .....................................................6

*Dep't of Envtl. Quality v. Gomez*,
  318 Mich. App. 1 (2016) ........................................................................................4

*Garden City Osteopathic Hosp. v. HBE Corp.*,
  55 F.3d 1126 (6th Cir. 1995) ..................................................................................2

*Garg v. Macomb Cty. Cmty. Mental Health Servs.*,
  472 Mich. 263 (Mich. 2005) ............................................................................2, 5

*Glowacki v. Motor Wheel Corp.*,
  241 N.W.2d 240 (Mich. Ct. App. 1976) ..............................................................2, 4

*Halaburda v. Bauer Pub. Co.*,
  2013 WL 4012827 (E.D. Mich. Aug. 6, 2013) .......................................................7

*Hardy v. Maxheimer*,
  416 N.W.2d 299 (Mich. 1987) ................................................................................6

*Kinder v. Meredith Corp.*,
  2014 WL 4209575 (E.D. Mich. Aug. 26, 2014) .....................................................7

*McCree v. Cont'l Mgmt., LLC*,
  2021 WL 1050115 (Mich. Ct. App. Mar. 18, 2021) ...............................................6

*Miller-Davis Co. v. Ahrens Const., Inc.*,
  489 Mich. 355 (Mich. 2011) ...................................................................................2

*Moeller v. Am. Media, Inc.*,
   235 F. Supp. 3d 868 (E.D. Mich. 2017) ............................................................... 3

*Nat'l Sand, Inc. v. Nagel Construction, Inc.*,
   451 N.W.2d 618 (Mich. Ct. App. 1990) ............................................................... 3

*Olschefski v. Northville Pub. Sch.*,
   2002 WL 1482610 (Mich. Ct. App. July 9, 2002) ................................................. 4

*Pompey v. Gen. Motors Corp.*,
   189 N.W.2d 243 (Mich. 1971) ............................................................................. 6

*Pratt v. KSE Sportsman Media, Inc.*,
   2022 WL 469075 (E.D. Mich. Feb. 15, 2022) ............................................... 1, 4, 5

*State Mutual Cyclone Insurance Co. v. O & A Electric Coop.*,
   381 Mich. 318 (Mich. 1968) ................................................................................ 2

*TransUnion v. Ramirez*, 141 S.Ct. 2190 (2021) ..................................................... 1, 7

*Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 361 (6th
   Cir. 2021) ............................................................................................................. 7

*White v. Elec. Data Sys. Corp.*,
   974 F.2d 1339 (6th Cir. 1992) .............................................................................. 6

## Statutes

MCL § 600.5805(2) ........................................................................................ *passim*

MCL § 750.147b .................................................................................................... 6

I.   **Introduction**

Plaintiff's proposed interpretation of Michigan statutes of limitations contradicts decades of precedent applying the three-year statute of limitations to statutory claims alleging personal injury. It (and *Pratt v. KSE Sportsman Media, Inc.*, 2022 WL 469075, *6 (E.D. Mich. Feb. 15, 2022)) cannot be correct.

Plaintiff also talks out of both sides of her mouth. She contends that her injury is purely statutory and that the "Preservation of Personal Privacy Act" ("PPPA") does not codify common law privacy rights, while also purporting to satisfy *TransUnion v. Ramirez*, 141 S.Ct. 2190, 2204 (2021), which held that a statutory injury does not establish standing unless it has a "common-law analogue". She claims to have not suffered any personal injury under Section 5805, but also that the alleged invasion of her personal privacy caused her concrete harm for standing purposes. *Compare* Opp. at 17, PageID.1134 ("this is not 'an action to recover damages for injuries to persons or property'") *to id*. at 22, PageID.1139 ("the nonconsensual dissemination of information reflecting [her] personal reading choices ... acutely invad[ed] [her] statutorily protected right to privacy in such matters[,] inflicting harm in a concrete and particularized (albeit an intangible) way."). Plaintiff cannot have it both ways.

II.  **Plaintiff's Action Is Time-Barred Under Section 5805**

   A.   **Plaintiff Has Alleged a Personal Injury Cause of Action**

Section 5805 is unambiguous: unless a more specific limitations period applies (which neither Party here argues), "the period of limitations is 3 years . . .

1

for all actions to recover damages . . . for injury to a person[.]" MCL § 600.5805(2). *See also Garg v. Macomb Cty. Cmty. Mental Health Servs.*, 472 Mich. 263, 281 (Mich. 2005) (unambiguous statutes, including § 5805, must be applied as written).

Plaintiff cannot avoid the limitations period by bringing her claim under a statute rather than common law: "it makes no difference what form of action the plaintiff institutes [in] seeking recovery for damages to property or person . . . in all cases such action comes within the 3-year limitation rule." *State Mutual Cyclone Insurance Co. v. O & A Electric Coop.*, 381 Mich. 318, 324 (Mich. 1968). Nor does it matter that Plaintiff is requesting statutory rather than actual damages. *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1133 (6th Cir. 1995) (the court "does not look to the type of damages, but rather to the source of damages."). Instead, the Court should evaluate "the interest allegedly harmed." *Glowacki v. Motor Wheel Corp.*, 241 N.W.2d 240, 247 (Mich. Ct. App. 1976) ("more than labels should be considered"). Where, as here, "an action is founded on a 'non-consensual' duty or one 'imposed by law,' the action is generally governed by [Section 5805]." *Miller-Davis Co. v. Ahrens Const., Inc.*, 489 Mich. 355, 365 (Mich. 2011).

Plaintiff does not dispute that common law invasions of privacy are personal injuries subject to Section 5805. Other than repeating that her claims are "statutory," however, she fails to explain why the *substance* of her allegations—that Annie's shared her "most intimate details" and put her "at risk of serious harm from

scammers" (FAC ¶¶ 43-47)—differ in any way from common law privacy claims, or why she has not allegedly suffered a personal injury simply because she is bringing her claim under a statute.

Plaintiff also fails to offer support for her contradictory claim that the PPPA does not codify "any claim that has ever been recognized at common law." Opp. at 15 n.4, PageID.1132.[1]  To the contrary, the FAC recognizes that the PPPA was enacted to "protect" subscribers' "privacy" rights (FAC ¶¶ 15-20).  Likewise, the standing portion of Plaintiff's Opposition relies on decisions acknowledging the PPPA's codification of certain privacy rights.  *Compare* Motion at 11-12, PageID.1098-99 *to* Opp. at 22-23, PageID.1139-40 (citing *Coulter-Owen*, *Boelter*, and *Perlin*); *see also Moeller v. Am. Media, Inc.*, 235 F. Supp. 3d 868, 873 (E.D. Mich. 2017) ("Subscribers' right to privacy in their personal-reading information is grounded in an interest 'traditionally regarded as providing a basis for a lawsuit.'").

Plaintiff's PPPA claims fit within the "expansive" definition of "injuries to persons" under Section 5805.  *Nat'l Sand, Inc. v. Nagel Construction, Inc.*, 451 N.W.2d 618, 621-22 (Mich. Ct. App. 1990) (applying 3-year limitations period

---

[1] Plaintiff has recast her description of the "Preservation of Personal Privacy Act" to downplay its personal privacy focus.  She now calls it the "Video Rental Privacy Act," and abbreviates "Private Reading Information" as "PRI."  She also misrepresents her Exhibit B, Legislative Analysis on the PPPA, which does not describe "the need to enact the [PPPA] to provide privacy rights that are not secured at common law" (Opp. at 16, PageID.1133), but instead makes clear the PPPA was enacted to "explicitly protect a consumer's privacy."  FAC, Exhibit B (emphasis added throughout.)

because claim at issue "appeared to sound in" common law). The same limitations period that applies to common law privacy claims—three years—applies here.

### B. The No-Injury Cases Cited by Plaintiff Do Not Support Her Claim

Plaintiff's Opposition relies on obviously distinguishable cases in which some courts have applied the six-year limitations period to no-injury statutory claims. *See* Motion at 18 fn. 13, PageID.1105 (explaining that the claims in these cases did not involve injuries to persons).[2] Indeed, *Palmer Park* and *Gomez* did not even address whether to apply Section 5805 because the claims did not involve injuries to persons. The dicta in these decisions is not binding here, much less "controlling."[3] Moreover, there is nothing inconsistent between Plaintiff's cited cases applying the six-year statute of limitations to no-injury claims, and applying the three-year statute of limitations to Plaintiff's personal injury privacy claim. Rather, these respective

---

[2] Plaintiff's other cases also involved no personal injuries. *Citizens for Pretrial Just. v. Goldfarb*, 415 Mich. 255 (1982) involved a bail bondsman statute; *Dep't of Envtl. Quality v. Gomez*, 318 Mich. App. 1 (2016) references permit violations; *Olschefski v. Northville Pub. Sch.*, 2002 WL 1482610, at *3 (Mich. Ct. App. July 9, 2002) concerned a school code giving substitute teachers certain rights; and *Bowman v. Greene*, 2013 WL 5925995, at 5-6 (Mich. Ct. App. Nov. 5, 2013) was about statutory fraud claims, which the court reasoned were not personal injuries.

[3] Plaintiff's and *Pratt*'s dependence on *Palmer Park* is further undermined by an overreliance on *Glowacki v. Motor Wheel Corp.*, 241 N.W.2d at 245-46, which is cited as holding that "[w]hen Michigan precedent does not expressly address which statute of limitations applies . . . Michigan courts look to '[f]ederal court authority.'" *Pratt v. KSE Sportsman Media, Inc.*, 2022 WL 469075, *6 (E.D. Mich. Feb. 15, 2022). In *Glowacki*, the court merely declined to rely on a single non-binding Michigan case and instead considered the "plethora" of federal cases. *Id*. at 257. But here, applying *Palmer Park* the way Plaintiff and *Pratt* advocate is inconsistent with decades of Michigan precedent and the plain language of Section 5805.

outcomes are required by the plain language of Sections 5805 and 5813.

Consistent with the language of Section 5805, courts that *have* actually considered statutory claims alleging personal injury have applied Section 5805. *See* Motion at 15-17, PageID.1102-04 (listing cases). *Pratt* does not mention these cases, and cannot be correct. If it were true that the six-year period "applies, without exception, to any claim for violation of a statute that does not itself specify a limitation period," (Opp. at 12, PageID.1129), then these Michigan Supreme Court and other appellate decisions (some of which post-date *Palmer Park*) would all be bad law.

A simple framework squares the plain language of Section 5805 *and the caselaw cited by both Parties*: if a claim (whether statutory or common law) alleges an injury to a person, then it is governed by Section 5805 as required by that section's language and Annie's caselaw; if, on the other hand, the claim does not allege an injury to a person, as in the cases Plaintiff cites, then Section 5813 applies.

In an attempt to gerrymander around the text of Section 5805 and the caselaw, Plaintiff invents a new rule: that Section 5805 *can* apply to statutory claims, but only when the statute "directly mirrors" common law claims. Opp. at 13, PageID.1130. Plaintiff's made-up standard contradicts the plain language of Section 5805 (which applies to "all" personal injury claims), is not supported by any case law, and in fact, Michigan courts regularly apply Section 5805 to statutory claims that do not mirror common law claims. The Michigan Supreme Court's *Garg* decision invalidates

5

Plaintiff's proposed interpretation because there is no common law claim for employment discrimination. *See Pompey v. Gen. Motors Corp.*, 189 N.W.2d 243, 250–51 (Mich. 1971) ("there was no pre-existent common-law remedy for racial discrimination in private employment").[4] Common law does not recognize wrongful death, either. *Hardy v. Maxheimer*, 416 N.W.2d 299, 304-05 (Mich. 1987). Nor does Plaintiff identify any common law "mirror" to a statutory claim for ethnic intimidation under MCL § 750.147b—by her own admission, the closest common law claims are for battery and assault. Opp. at 15 n.4, PageID.1132.

*McCree v. Cont'l Mgmt., LLC*, 2021 WL 1050115, at *7 (Mich. Ct. App. Mar. 18, 2021) is directly on point, as the Court there applied Section 5805 to claims under the Truth in Renting Act and state housing laws—statutes that do not mirror common law claims—because, like the PPPA, they are "premised upon a nonconsensual duty imposed by law."[5] The same analysis applies to Plaintiff's claims here.

### III. If Plaintiff's Injury Is Purely Statutory, She Lacks Article III Standing

To establish Article III standing, Plaintiff must satisfy the same plausibility

---

[4] In *White v. Elec. Data Sys. Corp.*, 974 F.2d 1339 (6th Cir. 1992), the court applied Section 5805 to the plaintiff's statutory claims because "deprivation of civil rights is primarily a violation of personal rights subject to a three-year statute of limitations"—and not because the statute had similarities to the common law.

[5] In a footnote, Plaintiff argues that the Court should "err on the side of caution" and allow her case to proceed. Opp. at 19 n.7, PageID.1136. This principle only applies where there is a factual dispute as to when a claim arose, which is not the case here. *See, e.g., Comau LLC v. Blue Cross Blue Shield of Michigan*, 2020 WL 7024683, at *9 (E.D. Mich. Nov. 30, 2020). Whether a given statute of limitations applies is a legal issue that can and should be decided at the motion to dismiss stage.

standard that governs her ability to state a claim.  *Assn. of Am. Physicians & Surgeons v. U.S. Food and Drug Admin.*, 13 F.4th 531, 543 (6th Cir. 2021).

Under *TransUnion*, "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." 141 S. Ct. at 2205.[6]  A plaintiff must have "identified a close historical or common-law analogue for [her] asserted injury." *Id.* at 2204.  The Court did not hold that dissemination of false information, in itself, satisfied the injury-in-fact requirement. Rather, the decision hinged on whether the plaintiffs' claims were sufficiently analogous to a common law claim (there, defamation).  *See also Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 361 (6th Cir. 2021).

Plaintiff alleges a dissemination of her information but denies any "close historical or common-law analogue for [her] asserted injury."  This distinguishes her claims from the plaintiffs who had standing in *TransUnion*, and from the PPPA cases cited in the Opposition.  If Plaintiff has alleged a purely statutory (and admittedly "intangible") harm with no historical analogue, then she lacks Article III standing.

**IV.   Conclusion**

The FAC should be dismissed with prejudice for the reasons discussed herein.

Dated: March 31, 2022                       Respectfully submitted,
                                            By: /s/ Stephanie A. Sheridan
                                            Stephanie Sheridan

---

[6] To the extent pre-*TransUnion* cases held otherwise, they are no longer good law. *See Kinder v. Meredith Corp.*, 2014 WL 4209575, at *2 (E.D. Mich. Aug. 26, 2014); *Halaburda v. Bauer Pub. Co.*, 2013 WL 4012827, at *5 (E.D. Mich. Aug. 6, 2013).

7