IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CYNTHIA PALACIOS, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

ANNIE'S PUBLISHING, LLC,

    Defendant.

Case No. 2:21-cv-11815-TGB-EAS

Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

## RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A NOTICE OF SUPPLEMENTAL AUTHORITY

Annie's does not oppose Plaintiff's motion for leave to file a notice of supplemental authority. However, the three-sentence decision in *Hall v. Farm Journal, Inc.*, 2:21-cv-11811 (E.D. Mich. April 5, 2022) is incorrect.

*Hall* contradicts and cannot be reconciled with decades of Michigan state court cases, which *Hall* ignores along with the plain language of Michigan's statutes of limitations. There is only one way to square the plain language of M.C.L. § 600.5805(2), the cases cited by Annie's, and the cases cited by Plaintiff: not by ignoring Michigan caselaw as *Hall* did, but by simply following the text of Section 5805 and applying the three-year limitation period in cases where plaintiffs allege an "injury to a person," regardless of whether the claims are based in statute.

1

*Hall* ignores the fact that Michigan state courts, including the Michigan Supreme Court,[1] routinely apply Section 5805's three-year statute of limitations to purely statutory claims that have no common-law analog. *See* Annie's Motion to Dismiss ("Motion") at 15-17, PageID.1102-1104 (listing cases). While the Court at the *Hall* hearing mentioned Sixth Circuit cases concerning federal Section 1983 claims (calling them "Constitutional" claims), it did not distinguish the decades of Michigan cases applying the three-year statute of limitations to claims under Michigan state statute—including statutes governing employment discrimination and retaliation, wrongful death, and ethnic intimidation—none of which are "Constitutional" or have a common law analog.

*Hall* also disregards the plain language of Section 5805 itself, which says that "all" claims for "injuries to a person" must be brought within three years. M.C.L. § 600.5805(2) ("the period of limitations is 3 years … for ***all actions*** to recover damages for the death of a person or ***for injury to a person***…"). The court did not dispute that the plaintiff was a person who had alleged an "injury to [her] person."

---

[1] The *Hall* court noted multiple times that Michigan courts have note considered the statute of limitations for PPPA claims. Transcript at 5:21-6:7, 13:8-9, 15:5-9. Michigan courts will likely never have the opportunity to do so, unless a district court certifies this question for appellate review, because Michigan law prohibits class actions from pursuing statutory penalties. *See* M.C.R. § 3.501(A)(5) ("An action for a penalty or minimum amount of recovery without regard to actual damages imposed or authorized by statute may not be maintained as a class action unless the statute specifically authorizes its recovery in a class action.").

2

Furthermore, the *Hall* court relied heavily on dicta from cases that did not involve injuries to a person, and are therefore distinguishable. *Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530, 539 (6th Cir. 2017), for example, concerned a claim **brought by a business** against an insurer seeking the penalty interest provided by M.C.L. § 500.2006(4), which provides "[i]f benefits are not paid [by an insurer] on a timely basis, the benefits paid bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum…" M.C.L. § 500.2006(4); *Palmer Park,* 878 F.3d at 539-40. Similarly, *DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*, 246 Mich. App. 43, 56 (Mich. App. 2001) (discussed in *Hall* transcript at 15:22-16:3, 17:2-18), addressed a claim by a business (a subcontractor) under the Builders' Trust Fund Act, which requires contractors to hold payments they receive on construction projects in a trust fund and to use those funds to pay subcontractors and suppliers first.[2] Given that *Palmer Park* and *DiPonio* only involved **no-injury** claims against **businesses**, their

---

[2] In *Dep't of Envtl. Quality v. Gomez*, 318 Mich. App. 1 (2016) (mentioned in the *Hall* transcript at 15:22-16:3), the State of Michigan sought civil fines and "injunctive relief to remedy . . . the filling of a wetland without a permit in violation of Part 303 (Wetlands Protection) of the [Natural Resources and Environmental Protection Act (NREPA)]." The court held that an action under NREPA relating to a permit violation was within the 6-year statute of limitations because "[a]ctions brought by the Attorney General on behalf of government departments are deemed personal actions" and the statute of limitations in M.C.L. § 600.5809(2) did not apply because that section only applies in the criminal context. *Id.* at 22, 24. Clearly, this claim is not one for "injury to a person."

statements about the statutes of limitations for statutory claims are mere dicta to the extent they relate to claims alleging *injury* to a *person*. Cf. *Hall* Transcript, 15:22-16:3, 17:2-18. This Court should instead follow the cases where Michigan courts—when actually faced with statutory claims alleging injury to a person—applied the three-year statute of limitations in accordance with Section 5805's plain language.

In sum, *Hall* ignores decades of Michigan case law and the plain language of the statute, and clearly reached the wrong conclusion. However, it is easy to reconcile the language of Michigan's statutes of limitations, and all of the cases cited by both parties. Specifically, as required by Section 5805 and the cases cited by Defendant, where a claim alleges an injury to a person, then the three year statute of limitations applies regardless of whether the claim arises under common law or a statute. If a claim cannot fairly be characterized as alleging an injury to a person (as in the cases cited by Plaintiff) then Section 5813's six-year statute of limitations applies.[3]

---

[3] At the hearing, the *Hall* court misinterpreted *Miller-Davis Co. v. Ahrens Const., Inc.*, 489 Mich. 355, 365 (2011), where the Michigan Supreme Court, interpreting what is now M.C.L. § 5805(2) (at the time, it was M.C.L. § 600.5805(10)), explained: "when an action is founded on a 'non-consensual' duty or one 'imposed by law,' the action is generally governed by the three-year statute of limitations in MCL 600.5805." *Id.*; Transcript at 18:15-19:1. This clear language cannot be confined to context of contract claims. For that reason, in *McCree v. Contl. Mgt., LLC*, 351171, 2021 WL 1050115, at *7 (Mich. App. Mar. 18, 2021), the Court of Appeal used the "consensual duty" standard as a basis to apply Section 5805 to statutory claims, explaining that because the Housing Law of Michigan and Truth in Renting Act "are premised upon a nonconsensual duty imposed by law, [they are]

As to Article III standing, the *Hall* court noted at the hearing that the defendant in that case did not discuss or attempt to distinguish previous cases in which courts found that plaintiffs had Article III standing to bring PPPA claims. Transcript at 20:2-3. As discussed in Annie's papers, these decisions are readily distinguishable because the plaintiffs specifically alleged that their PPPA claims had a close common-law analogue: namely, the right to privacy. *See, e.g., Coulter-Owens v. Time Inc.*, 695 Fed. Appx. 117, 121 (6th Cir. 2017) (unpublished) (holding that a PPPA violation is not a "'bare procedural violation;' it is a violation of the PPPA's most basic substantive protection, the privacy in one's reading materials.");[4] *Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 641 (E.D. Mich. 2017) ("the Court notes that the right guaranteed by the VRPA is similar in kind to other privacy rights that were gradually recognized by American courts over the course of the last century"); *see also* Motion at 11, PageID.1098. Here, by contrast, Plaintiff explicitly claims that

---

are subject to a three-year statute of limitations." *Id*. (citing *Miller-Davis*, 489 Mich. at 365). *Hall* court not consider *McCree* or cite any cases limiting *Miller-Davis* to contract claims.

[4] *Coulter-Owens* was also largely based on the fact that the PPPA provides a private right of action: "given that the PPPA contains an express private right to sue, it confers statutory standing on a person whose information was disclosed in violation of it." *Coulter-Owens*, 695 Fed. Appx. at 121. The Court in *TransUnion* later rejected this reasoning, making clear that a legislature "may not simply enact an injury into existence." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III") (citations omitted).

she did not suffer a personal injury, and that her suit is based on purely statutory claims. *See*, *e.g.*, Opposition at 17-18, PageID.1135-36 ("Plaintiff's VRPA claim does not arise from any 'personal injury.'").  Under *TransUnion*, this is insufficient to establish standing.  *TransUnion*, 141 S. Ct. at 2205  ("under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court.")

Dated:  April 8, 2022

Respectfully submitted,

STEPTOE & JOHNSON LLP

By: */s/ Stephanie A. Sheridan*
Stephanie A. Sheridan
Meegan Brooks
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
Tel: (415) 365-6700
Fax: (415) 365-6699
ssheridan@steptoe.com
mbrooks@steptoe.com

6